FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

2018 MAY 11 PM 3:26

Case No.: 6:18-CV-733-ORL-37-GJK

MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

RHODA EDWARDS,

     Plaintiff,

v.

KOHL'S DEPARTMENT STORES, INC.,

     Defendant.

JURY TRIAL DEMANDED

## COMPLAINT

RHODA EDWARDS ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against KOHL'S DEPARTMENT STORES, INC., ("DEFENDANT"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the State of Florida, thus, personal jurisdiction is established.

- 1 -

PLAINTIFF'S COMPLAINT

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person who resides in Orange City, Florida 32763.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

7. Defendant is a corporation with its principal place of business located at N56 West 17000 Ridgewood Dr., Menomonee Falls, WI 53051.

8. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that he has had for at least three years.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning in or around March 2014 and continuing through in or around March 2017, Defendant placed repeated telephone calls to Plaintiff's cellular telephone number.

13. Defendant's calls originated or derived from phone numbers that include, but are not necessarily limited to the following phone numbers: (903)

593-8790, (414) 257-2339 and (800) 575-6457. The undersigned has confirmed that these phone numbers belong to the Defendant.

14. Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

15. Plaintiff knew that Defendant was using an automated telephone dialing system because the calls would begin with a recording that identified Defendant's name.

16. Defendant's telephone calls were not made for "emergency purposes."

17. Exasperated by Defendant's incessant calling, Plaintiff spoke with Defendant's agents in or about the summer of 2014 and insisted that Defendant stop calling her.

18. This was Plaintiff's method of revoking any previously provided consent for Defendant to call her cellular telephone number.

19. Once Defendant was aware that its calls were unwanted and to stop, there was no lawful purpose to continue making further calls, nor was there any good faith reason to place calls.

20. Despite Plaintiff's definitive revocation of consent and multiple demands thereafter to stop calling, Defendant failed to update its records to restrict telephone calls to Plaintiff's cellular telephone.

PLAINTIFF'S COMPLAINT

21. Rather, Defendant continued to call Plaintiff excessively each day through in or around March 2017.

22. It was distressing, frustrating and burdensome for Plaintiff to receive such continuous and repeated telephone calls from Defendant on her cellular telephone with such regularity.

23. After Defendant ignored Plaintiff's instructions to stop calling and continued to call her repeatedly and continuously without her consent, she turned to downloading a blocking application to her cellular telephone to ultimately curtail these excessive calls from Defendant.

24. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

25. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

26. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

27. Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system.

PLAINTIFF'S COMPLAINT

28. Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

29. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

30. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

31. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

32. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

33. Defendant's calls to Plaintiff's cellular telephone after she revoked consent were not made with Plaintiff's prior express consent.

34. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

- 5 -

PLAINTIFF'S COMPLAINT

35.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

36.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RHODA EDWARDS, respectfully prays for a judgment as follows:

a.  All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b.  Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c.  Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d.  Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

e.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, RHODA EDWARDS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Dated: May 8, 2018    By: */s/ Amy L. Bennecoff Ginsburg*
　　　　　　　　　　　　Amy L. Bennecoff Ginsburg, Esq.
　　　　　　　　　　　　Kimmel & Silverman, P.C.
　　　　　　　　　　　　30 East Butler Pike
　　　　　　　　　　　　Ambler, PA 19002
　　　　　　　　　　　　Phone: (215) 540-8888
　　　　　　　　　　　　Facsimile: (877) 788-2864
　　　　　　　　　　　　Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT